```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF PENNSYLVANIA


BIENVENIDO RODRIGUEZ, JR.,        :
                                  :
            Plaintiff             :
                                  :   NO. 3:CV-08-765
       -vs-                       :
                                  :   (Judge Kosik)
                                  :
JEFFREY A. BEARD, et al.,         :
                                  :
            Defendants            :
```

## MEMORANDUM AND ORDER

Plaintiff, Bienvenido Rodriguez, Jr., a prisoner confined at the State Correctional Institution at Smithfield, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. The basis of plaintiff's action is the medical treatment he received while incarcerated at the State Correctional Institution at Smithfield. Service of the complaint has been directed on the defendants.

Plaintiff has filed two motions seeking the appointment of counsel in this case. (Doc. 4, 14). It is a well established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. <u>Montgomery v. Pichak</u>, 294 F.3d 492, 499 (3d Cir. 2002), citing <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993); <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting,

for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. In addition, a court must weigh the following factors when deciding whether the appointment of counsel is warranted:

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499, citing *Tabron*, 6 F.3d at 155-57.

In support of his request for counsel, plaintiff maintains that he is indigent and unlettered in the law. He also argues that the instant case is complex and he will need the assistance of counsel.

A review of plaintiff's filings thus far reveals that he is fully capable of litigating this action on his own. He clearly

possesses the ability to prepare pleadings and to present comprehensible arguments to the court, and he has initiated discovery in this matter. There is no evidence to suggest that he is incapable of litigating this case on his own. The issues are not overly complicated and any concern regarding the need for counsel to assist in trial preparation is premature at this time. Accordingly, plaintiff's motions for appointment of counsel will be denied, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either _sua sponte_ or upon a motion properly filed.

ACCORDINGLY, THIS 8th DAY OF AUGUST, 2008, IT IS HEREBY ORDERED THAT plaintiff's motions for the appointment of counsel (Docs. 4, 14) are **DENIED WITHOUT PREJUDICE.**

                                         *s/Edwin M. Kosik*
                                         United States District Judge